

# IN THE SUPERIOR COURT OF GUAM

By:

| | |
|---|---|
| KAMLESH K. HEMLANI, individually and derivatively in the name of and on behalf of the RADHI PURAN TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>MANU & ANITA MELWANI, JETHMAL K. MELWANI, ISHWAR P. HEMLANI, VINOD I. & YOGITA V. HEMLANI, RHADI P. HEMLANI ESTATE, PARAMANAND (sic) MELWANI ESTATE, RADHI's FOUNDATION, RADHI PURAN TRUST, RADHI FAMILY TRUST, PACIFIC RAINBOW INC., SAFETY 1st SYSTEMS INC., PACIFIC AMERICAN TITLE INSURANCE & ESCROW COMPANY, VASUDEV B. HEMLANI, P.D. HEMLANI FOUNDATION, LTD., CHITRA HEMLANI, SONA HEMLANI, PADI DARYANANI, and DOES 1–95,<br><br>Defendants. | Civil Case No. CV1527-13<br><br>**DECISION AND ORDER GRANTING MELWANI DEFENDANTS' MOTION TO SET HEARING DATES AND PDHF'S AND VASHI HEMLANI'S REQUEST TO SET DATES FOR PENDING DISPOSITIVE MOTIONS** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on April 2, 2026, for a Motion Hearing regarding the Motion to Set Hearing Dates filed by Manu & Anita Melwani, Ishwar P. Hemlani, Vinod I. & Yogita Hemlani, Pacific Rainbow, Inc., Safety 1st Systems, Inc., Pacific American Title Insurance & Escrow Company, Chitra Hemlani, Sona Hemlani, and Padi Kelly Daryanani ("Melwani Defendants"). Attorney Thomas Tarpley appeared on behalf of Plaintiff

Kamlesh Hemlani on behalf of the Radhi Puran Trust ("RPT"). Attorney Bill Mann appeared on behalf of the Melwani Defendants. Attorney Rodney J. Jacob appeared on behalf of the P.D. Hemlani Foundation ("PDHF"), and Vasudev B. Hemlani ("Vashi"). Attorney Louie J. Yanza represented the Radhi Puran Foundation ("RPF"). After reviewing the record, relevant law, and arguments from the parties, the Court **GRANTS** the Motion to Set Hearing Dates and the Request to Set Dates for PDHF's and Vashi's Dispositive Motions.

## PROCEDURAL BACKGROUND

Kamlesh Hemlani filed his Complaint on December 17, 2013. On May 22, 2015, Defendants Vinod and Yogita Hemlani, Safety 1ˢᵗ Systems, and Don Hemlani filed a Motion for Summary Judgment. Kamlesh opposed that Motion on June 28, 2015. And the Defendants replied on February 7, 2022.

On April 14, 2015, Kamlesh served the Melwani Defendants with his First Request for Production of Documents. On June 24, 2015, Kamlesh filed a Motion to Compel based on that Request. The documents requested and that Kamlesh asserts were never produced were yearly financial statements, tax returns, bank account deposits and withdrawals, affidavits of true consideration on 1031 property exchanges, and deposits and withdrawals from "Asset Preservation, Inc." and offshore accounts in the British Virgin Islands. Pl.'s Verified Opp'n to Manu Defs.' Mots. to Set Hr'gs for "Summ. J." Mots. ("Pl.'s Opp'n to Mot. to Set Hr'g Dates") at 2 (Feb. 23, 2026).

On June 11, 2015, Defendants Manu and Anita Melwani, Pacific Rainbow Inc., and Pacific American Title Insurance & Escrow Company filed a second Motion for Summary

Judgment. Kamlesh opposed the second Motion on June 29, 2015. The Defendants replied on February 7, 2022.

On June 24, 2015, Defendants PDHF and Vashi Hemlani filed two motions for summary judgment. The first was the Motion for Summary Judgment Based on Merits of Plaintiff's Claims. The second was the Motion for Summary Judgment and Dismissal of Claims that are Subject to Mandatory Arbitration. On June 29, 2015, Kamlesh filed his Opposition to this Motion for Summary Judgment. Vashi and PDHF filed a Reply on February 9, 2018. Kamlesh filed a sur-reply on February 16, 2022. And on March 2, 2022, Vashi and PDHF filed a Response to Kamlesh's sur-reply.

On June 24, 2015, Vashi also filed a Motion for Summary Judgment on Counterclaim for Declaratory Relief that requested the Court declare Vashi a Successor Trustee of the Trust. Kamlesh opposed the Motion on June 29, 2015. Vashi filed his reply on February 9, 2018.

The Court did not hold oral argument on these Motions for Summary Judgment due to multiple appeals in the case.

The Melwani Defendants filed the Motion to Set Hearing Dates on Pending Motions for Summary Judgment ("Motion to Set Hearing Dates") on February 7, 2026. Kamlesh filed his Opposition on February 23, 2026. On March 3, 2026, Defendants PDHF and Vasudev Hemlani filed their Response and Non-Objection to the Motion to Set Hearing Dates and a Request to Set Hearing Dates for PDHF's Pending Dispositive Motions. On March 12, 2026, Kamlesh filed an Objection to PDHF and Vasudev Hemlani's Request to Set Hearing Dates. On March 16, 2026, the Melwani Defendants filed their Reply.

Tangentially, the Melwani Defendants filed an Objection to the use of a February 2, 2026 Letter to Louie Yanza on March 16, 2026. Kamlesh included this letter in his Response to the Melwani Defendant's Motion to Set Hearing Dates. Kamlesh filed a Response to that Objection on March 20, 2026. The RPF filed a Joinder to that Objection on March 20, 2026. On March 20, 2026, the Melwani Defendants filed their Reply to Kamlesh's Objection. Because the letter to Louie Yanza is not a relevant document to the inquiry before the Court at this time, the Court will not consider the letter in this discussion.

On April 2, 2026, the Court heard the oral arguments on the Motion to Set Hearing Dates, Request by PDHF to Set Hearing Dates, and the Objection to the use of a February 2, 2026 Letter.

During that hearing, the Court allowed PDHF to file a supplement to their Motion for Summary Judgment. PDHF filed this supplement on April 17, 2026. On April 21, 2026, Kamlesh filed a Request for Rulings on Plaintiff's Unopposed Objections to PDHF and Vashi Hemlani's Request for Hearing Dates on Pending Summary Judgment Motions.

Additionally, this case has been appealed multiple times. *Hemlani v. Melwani*, 2016 Guam 33 ("*Kamlesh I*"); *Hemlwani v. Melwani*, 2021 Guam 6 ("*Kamlesh II*"); *Hemlani v. Melwani*, 2025 Guam 12 ("*Kamlesh III*"). In 2025, the Supreme Court published its opinion on the most recent appeal in *Kamlesh III*.

## DISCUSSION

There are three separate issues for the Court to address. First, whether it is appropriate for the Court to set hearing dates for the Melwani Defendants' pending motions for summary judgment. Second, whether the Court should set hearing dates for PDHF's and Vashi's pending

dispositive motions. And, third, whether the Court should prioritize the PDHF and Vashi motions over the Melwani Defendants' motions. The Court will address each issue in that order.

I.       Whether the Court must resolve the Motion to Compel before hearing the Melwani Defendants' summary judgment motions.

In determining whether Kamlesh's motion to compel should be heard before the other pending dispositive motions, the Court will first discuss the Melwani Defendants' motions and then PDHF's and Vashi's motions. Due to the complexity that multiple parties can present, the Court will give further background regarding the parties' arguments below.

      a.  Melwani Defendants' Motions

         i.  The arguments presented by the parties.

In their Motion to Set Hearing Dates, the Melwani Defendants argue that it is now appropriate to hear the motions for summary judgment filed in 2015 by the Melwani Defendants. Mot. to Set Hr'g Dates on Pending Mots. Summ. J. by Defs. Manu Melwani, Anita Melwani, Ishwar P. Hemlani, Vinod I. Hemlani, Yogita V. Hemlani, Pacific Rainbow, Inc., Safety 1st Systems, Inc., Pacific American Title Insurance & Escrow Company, Chitra Hemlani, Sona Hemlani, and Padi Kelly Daryanani ("Melwani Defs.' Mot. To Set Hr'g Dates") at 3 (Feb. 4, 2026). They argue that the delay in hearing these pending motions was due to the Supreme Court initially dismissing Kamlesh's entire case in *Kamlesh II* and then later remanding the case back to this Court. *Id.* Now that this case has been remanded to the Court, it is now appropriate to hear these motions for summary judgment. *Id.*

Kamlesh argues in response that hearing the summary judgment motions would not be appropriate at this time because of evidentiary issues. Pl.'s Opp'n to Mot. to Set Hr'g Dates at 5–

7. Kamlesh argues that some of the Melwani Defendants have refused to provide financial disclosures and other evidence that would be necessary for Kamlesh's case. *Id.* Some of the financial disclosures were part of a motion to compel that Kamlesh filed in 2015. *Id.* Kamlesh argues that the additional evidence and disclosure would also be part of that motion to compel. *Id.* Kamlesh argues that these financial disclosures would be material to the motion for summary judgment. *Id.*

In response, the Melwani Defendants respond to Kamlesh's evidentiary requests. *See* Reply of the Defs. Manu Melwani, Anita Melwani, Ishwar P. Hemlani, Vinod I. Hemlani, Yogita V. Hemlani, Pacific Rainbow, Inc., Safety 1st Systems, Inc., Pacific American Title Insurance & Escrow Company, Chitra Hemlani, Sona Hemlani, and Padi Kelly Daryanani to the Pl.'s Opp'n to Their Mot. To Set Hr'g Dates on Pending Mots. Summ. J. ("Melwani Defs.' Reply to Pl.'s Opp'n to Mot. to Set Hr'g Dates") (Mar. 20, 2026). They argue that even if they did need to provide the evidence, the Melwani Defendants should not have to prove they will prevail on a motion to set motion hearing dates. *Id.* At 3. During the motion hearing, they argued that the motion to compel had been resolved. Oral Argument (Mot. Hr'g, Apr. 2, 2026). They maintain that two of the requested items have been provided, and the others are beyond the scope of discovery. *Id.* Therefore, the motion to compel should not delay the motion hearings for these cases. *Id.* They also argue that any additional evidentiary requests should be barred because discovery has been closed for several years. *Id.* They also argue that there is no evidentiary controversy regarding the second motion for summary judgment. Melwani Defs.' Reply to Pl.'s Opp. to Mot. to Set Hr'g Dates at 8–9.

PDHF filed a non-objection to the Melwani Defendants' Motion. *See* Defs. P.D. Hemlani Foundation Ltd. & Vasudev B. Hemlani's Resp. & Non-Obj. to Mot. to Set Hr'g Dates on Pending Mots. Summ. J. & Req. to Set P.D. Hemlani Foundation LTD.'s Pending Dispositive Mots. ("PDHF's and Vashi's Non-Obj. & Req.") (Mar. 3, 2026). RPF filed a joinder to the Melwani Defendants' Motion. *See* Def. Radhi Puran Foundation's Joinder in Melwani Defs.' Obj. & Resp. to the Letter of Feb. 2, 2026 to Louie J. Yanza (Mar. 20, 2026).

ii. Court's Analysis

Under the Guam Rules of Civil Procedure, discovery issues may be prioritized before the hearing of a motion for summary judgment if the discovery at issue would produce material facts that may be in dispute. Guam R. of Civ. P. 56(f); *Estate of Cruz v. Detry Corp.*, 2023 Guam 14 ¶¶ 24–29. "The party moving for a continuance under GRCP 56(f) 'must show how additional discovery would preclude summary judgment and why a party cannot immediately provide 'specific facts' demonstrating a genuine issue of material fact.'" *Estate of Cruz* at ¶ 27 (quoting *E.M. Chen & Assocs., Inc. v. Lu Island Dev., Inc.*, DCA No. CV-93-00017A, 1993 WL 4649348, at \*5 (D. Guam App. Div. Oct. 21, 1993)). However, a party that properly shows that discovery would find additional material facts only "invokes the court's discretion in ordering a continuance." *Estate of Cruz* at ¶ 28. Additionally, although permitted discovery is broad, it is limited by relevance. Guam R. of Civ. P. 26–37; *Teleguam Holdings LLC v. Territory of Guam*, 2018 Guam 5 ¶¶ 30–31. When a party seeks "duplicative or irrelevant discovery", the Superior Court may limit discovery. *Teleguam Holdings LLC* at ¶ 3; Guam R. Civ. P. 26(b)(2).

Here, Kamlesh failed to show that additional discovery is necessary, and therefore, the Court will set dates to hear the Melwani Defendants' motions for summary judgment. Not only

has discovery been closed for several years at this point, but Kamlesh's discovery dispute has been resolved. Much of the original motion to compel was resolved by the parties turning over that discovery. Items that Kamlesh is now asking for are generally out of scope of the original request in the motion to compel. His initial motion to compel was also likely beyond the scope of discovery because the request for financial disclosures was too broad to be relevant to the issues at hand. Additionally, Kamlesh could point to no compelling reason that these additional factual discoveries would result in material facts that would change the result of the summary judgment motion. Granting more time will not result in further discovery because discovery has been closed for years at this point, and the defendants have already responded to the motion to compel. Finally, the motion to compel only affects the first of the two motions for summary judgment. Therefore, the Melwani Defendants' Motions for summary judgment will be set for hearing dates.

### b. PDHF and Vashi Motions

#### i. Parties' Argumentation

PDHF and Vashi filed a non-objection to the Melwani Defendants' Motion to Set Hearing Dates and a Request to set hearing dates for PDHF's pending motions. *See* PDHF's and Vashi's Non-Obj. & Req. In that filing, PDHF and Vashi ask that the Court grant four requests. *Id.* at 4. First, they ask for the Court to set dates for multiple pending dispositive motions. *Id.* Second, they ask the Court to grant Kamlesh's, Vashi's, and PDHF's requests from 2022 to file sur-replies to PDHF and Vashi's motion for summary judgment. *Id.* Third, they ask the Court to grant PDHF and Vashi leave to file a two-page supplement to their motions regarding arbitration. *Id.* And fourth, after these motions are resolved, they ask that the Court hold a status conference.

*Id.* at 4–5. The motions PDHF and Vashi would like the Court to set dates for are PDHF's and Vashi's motions for summary judgment from 2015. *Id.* at 4.[1]

In response, Kamlesh argues that because PDHF and Vashi did not bring these issues before the appellate court for decision, PDHF and Vashi cannot have these motions heard. Pl.'s Objs. to PDHF and Vashi Hemlani's Req. for Hr'g Dates on Summ. J. Mots. at 2–10 (Mar 12, 2026). Kamlesh argues that these motions would fall outside the scope of the appeal because the Supreme Court's remand requires trial rather than summary judgment. *Id.* at 4. Additionally, Kamlesh argues that the arbitration motion should not be allowed to go forward because the Supreme Court has ruled that the lawsuit should be resolved by the Court. *Id.* at 7.

The Melwani defendants responded to PDHF and Vashi's Request by imploring the Court to hear all motions that have not yet been heard and decided upon. Reply of the Melwani Defs. to the Req. of PDHF to Set Hr'g Dates at 2 (Mar. 16, 2026). The Melwani Defendants stated that the order in which the pending motions were heard is irrelevant so long as each motion is heard. Id.

During oral arguments, Attorney Rodney Jacob responded to Kamlesh's objections by stating that the *Kamlesh III* order from the Supreme Court did not ban all pending summary judgment motions as Kamlesh suggested. Oral Argument. Instead, the *Kamlesh III* order barred rehearing of summary judgment motions based on standing and on whether Kamlesh is a successor co-trustee. *Id.*

Kamlesh filed a request that their opposition to PDHF and Vashi's request be granted because PDHF and Vashi did not oppose their argument. *See* Req. for Ruling on Pl.'s Unopposed

---

[1] It should be noted that the Court granted the request to file a two-page supplement during the motion hearing and PDHF has already done so.

Objs. To RDHF and Vashi Hemlani's Req. for Hr'g Dates on Pending Summ. J. Mots. (Apr. 21, 2026). He argues that PDHF did not respond to his objections because there was no filing of a response; therefore, the Court should grant his objections.

## ii. Court's Analysis

There is no specific statute or rule under Guam law that forces a court to hear all dispositive motions placed before it. However, the Supreme Court has made it clear that there is a preference for the Court to hear all dispositive motions. *See United Pacific Islanders' Corp. v. Cyfred, Ltd.*, 2017 Guam 6 (the trial court failed to advance any dispositive motion hearings for 24 months, resulting in the Supreme Court finding that the trial court abused discretion); *Lujan v. McCreadie*, 2014 Guam 19 (the trial court failed to resolve pending dispositive motions, which prevented plaintiffs from advancing their case). However, the mandate rule limits subsequent proceedings to only "issues falling within the scope of the appellate court's mandate." *Babauta v. Babauta*, 2013 Guam 17 ¶ 28.

Here, the Court will err on the side of hearing all dispositive motions that have been fully briefed. The mandate rule does not preclude any of the motions that PDHF and Vashi request be heard. Kamlesh's interpretation of the mandate given by the Supreme Court in *Kamlesh III* is overbroad. The Supreme Court specifically states that "genuine issues of material fact preclude summary judgment" on whether Kamlesh is a successor co-trustee of the RPT. *Kamlesh III* at ¶ 60. PDHF's and Vashi's motions address other issues. Additionally, *Kamlesh I* and *Kamlesh II* are distinct from PDHF's and Vashi's motions because they were based on issues of standing. *Kamlesh III* at ¶ 2. PDHF's and Vashi's motions are based on the merits of the case and the contractual obligations of the parties. These motions are beyond preliminary issues of standing.

Finally, Kamlesh's assertion that because PDHF and Vashi did not respond to Kamlesh's objection is incorrect. PDHF and Vashi did respond to the objections during the motion hearing before the Court. Therefore, the Court will set hearing dates for these pending motions regardless of Kamlesh's objection and request.

II.    Whether the Melwani Defendants' motions or PDHF's and Vashi's motions should be prioritized.

Courts have broad discretion in determining which dispositive motions should be heard first. *See Pet. Of Quitugua v. Flores,* 2004 Guam 19; *see also Kamlesh III.* PDHF and Vashi have requested that their dispositive motions take priority over the Melwani Defendants' motions. The Melwani Defendants have stated that they do not oppose PDHF's and Vashi's request for prioritization. Therefore, PDHF's and Vashi's request is granted, and the Court will first hear their motions and then address the Melwani Defendants' motions.

## CONCLUSION

Therefore, the Court **GRANTS** the Melwani Defendants' Motion to Set Hearing Dates, PDHF's, and Vashi Hemlani's Request to Hear Dispositive Motions. The Court will first hear PDHF's and Vashi's Dispositive Motions. Then the Court will hear the Melwani Defendants' Motions. The Court will hold a scheduling conference to set dates for these pending hearings.

**SO ORDERED**, this ___6 | 29 | 2C___ .

_____
**HONORABLE JOHN C. TERLAJE**
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
CAUI JAtol Fani(GANAN ; ALPWIj
I-InnpLeV; QJ ktnmnU'j
CANUI nMMNMM'; YAwIA
Date _____ Time: _____
Scott E. Hermosilla
Deputy Clerk, Superior Court of Guam